**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br>1718 Connecticut Avenue, N.W.<br>Suite 200<br>Washington, D.C. 20009<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224<br><br>　　　Defendant. | Civ. Action No. 18-902 (TJK) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Plaintiff Electronic Privacy Information Center ("EPIC") respectfully opposes the motion by Defendant Internal Revenue Service ("IRS") to enlarge its time to answer or otherwise respond to EPIC's Complaint. In opposition, EPIC states as follows:

1.　　The IRS has failed to show "good cause" for a 32-day extension of the 30-day response period set out in the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(C); *see also* Fed. R. Civ. P. 6(b)(1)(A).

2.　　In support of its motion, counsel for the IRS has merely described routine agency processes, information gathering, and communications that Congress accounted for when it established FOIA's 30-day response period. 5 U.S.C. § 552(a)(4)(C).

3.　　Counsel concedes that EPIC's Complaint was properly served on the United States Attorney's Office on April 24, 2018. Def.'s Mot. 1, ECF No. 6. This Court, accordingly, has set Defendant's response deadline for May 25, 2018. ECF No. 5. Defendant's failure to

timely confirm what EPIC's Affidavits of Service demonstrate—i.e., that EPIC properly served the Complaint on the IRS and the United States Attorney General by certified mail—does not constitute good cause to delay the response deadline set by this Court.

4. The IRS has already unlawfully and unreasonably delayed resolution of the FOIA request at issue in this case. Though the IRS agreed to process EPIC's FOIA request on an expedited basis, Compl. Ex. 2, ECF No. 1-5, the agency failed to make a determination within the twenty-business day period allowed by law. Compl. Exs. 4–5. Instead, the IRS asked EPIC for two separate extensions totaling 38 business days, Compl. Exs. 4–5, 7, and then failed to complete processing by either of its proposed deadlines. Seventy-three business days after receipt of EPIC's request, the agency has still not identified or produced any non-exempt responsive documents. The IRS has not shown that it is entitled to yet another delay.

5. Allowing the IRS to postpone its response would be also contrary to the established practice of courts in the D.C. Circuit, which disfavor extensions absent "exceptional or compelling" circumstances. *See, e.g.*, *Standing Order for Cases Before Judge Trevor N. McFadden* at ¶ 9 ("Motions for extensions of time and to re-schedule hearings are strongly discouraged; they will be granted only in truly exceptional or compelling circumstances and parties should not expect the Court to grant extensions."); *see also General Order for Civil Cases Before The Honorable Judge Reggie B. Walton* at § 11 ("Motions for extension of time are strongly discouraged. The parties should not expect the Court to grant extensions.");[1] *General Order for Civil Cases Before The Honorable Judge Ketanji Brown Jackson* § 5 ("Motions for extension of time are discouraged, and counsel should not expect the Court to grant

---

[1] http://www.dcd.uscourts.gov/sites/dcd/files/FINALGeneralOrderGuidelinesCivilCases.pdf.

1

extensions.");[2] United States Court of Appeals for the District of Columbia Circuit, *Handbook of Practice and Internal Procedures* § IX.A.1 ("[M]otions [to extend the briefing schedule] will be granted only for extraordinarily compelling reasons.").[3]

6. Finally, in the event that the IRS files a motion to dismiss, an extension of the IRS's response deadline would create a scheduling conflict for EPIC. Counsel for EPIC have several substantial filing deadlines in June and July that would conflict with EPIC's brief window in which to file an opposition in this matter, if an extension were granted, including a July 1, 2018 deadline to file a certiorari petition to the Supreme Court and a July 9, 2018 deadline to file an opposition in a different case. An extension would thus be contrary to the local, voluntary standard for scheduling because it would "creat[e a] calendar conflict[]" for EPIC and "adversely affect[]" EPIC's interests. *D.C. Bar Voluntary Standards of Civility: Scheduling Matters* (1997), reprinted in *Rules of the United States District Court for the District of Columbia 133* (April 2017).

7. As the Standards of Civility explain, "[J]ustice is undermined when cases are delayed." *Id.* at 134. The IRS has failed to show good cause for a delay here.

Dated: May 18, 2018                            Respectfully submitted,

                                               /s/ Marc Rotenberg
                                               MARC ROTENBERG, D.C. Bar #422825
                                               EPIC President and Executive Director

                                               ALAN BUTLER, D.C. Bar #1012128
                                               EPIC Senior Counsel

                                               JOHN DAVISSON, D.C. Bar #1531914[4]

---

[2] http://www.dcd.uscourts.gov/sites/dcd/files/GeneralOrdersGuidelinesCivilCasesJKJackson.pdf.
[3] https://www.cadc.uscourts.gov/internet/home.nsf/Content/VL%20-%20RPP%20-%20Handbook%202006%20Rev%202007/$FILE/HandbookMarch2018WithTOCLinks.pdf.

EPIC Counsel

ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

*Attorneys for Plaintiff EPIC*

---

[4] Application to the bar of this Court pending since April 11, 2018.