IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) | Case No. 1:18-cv-00902-TJK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF THE INTERNAL REVENUE SERVICE'S
MOTION TO DISMISS**

Plaintiff Electronic Privacy Information Center ("EPIC") filed this action against the Internal Revenue Service ("Service") under the Freedom of Information Act ("FOIA").  The complaint seeks to compel the Service to search for and release two categories of records pertaining to a third party individual and businesses (set forth on "Appendix A" of EPIC's request for records – a 15 page list of names and employer identification numbers): (1) all accepted Offers in Compromise submitted by the individual and entities; and (2) returns and return information necessary to permit inspection of the accepted Offers in Compromise.  EPIC is requesting confidential third party returns and return information.  EPIC's action suffers from two fatal flaws: *first*, EPIC has not shown that the third party taxpayers to whom its requests pertain have authorized the Service to release that information to EPIC under 26 U.S.C. § 6103(c); and *second,* EPIC has not demonstrated a qualifying material interest by virtue of its relationship with the third parties listed in its request that allows for such release under 26 U.S.C. § 6103(e).  Absent a showing of either authorization or a qualifying material interest, EPIC's FOIA request was unperfected under agency FOIA rules and the Service was under no obligation

to search for records.  Moreover, because EPIC did not perfect its request, it failed to exhaust its administrative remedies and the Court should dismiss the complaint for failure to state a claim under Rule 12(b)(6).

## Factual Background

EPIC submitted a request for records to the Service dated February 5, 2018.  (Complaint, [Dkt. No. 1] Ex. 1).  The records request sought all accepted offers-in-compromise relating to any past or present tax liability of the taxpayers EPIC identified.  In addition, EPIC requested "[a]ll other 'return information … necessary to permit inspection of [the] accepted offer[s]-in-compromise described in Category 1 of this request . . . Records responsive to Category 2 include, but are not limited to, 'income, excess profits, declared value excess profits, capital stock, and estate or gift tax returns for any taxable year' as applicable." (*Id.* ¶ 22, Ex. 1 [footnotes omitted]).  EPIC put no time limits on the years for which it sought the requested records.  EPIC further requested that the Service release all such records, "whether such records take the form of a Public Inspection File, and AOIC [Automated Offer in Compromise system] Masterfile Screen Transcript, a TDS [Transcript Delivery Service] transcript, a Form 656 [Offer in Compromise submission made to the Service by the taxpayer], a Form 433 [Collection Information Statement], a Form 7249 [Offer Acceptance Report], or any other agency document."  (*Id.* ¶ 23, Ex. 1).

EPIC did not include with its request authorization to receive returns or return information.  EPIC did not include with its request any demonstration that it has a qualifying material interest by virtue of a covered relationship with any of the taxpayers whose information it seeks.

The Service received the records request on February 5, 2018, and assigned it case number F18043-0068.  (*Id.* ¶ 32, Ex. 2).  The case was assigned to a Government Information Specialist.  The Specialist sent a letter dated March 6, 2018 to EPIC extending the statutory response deadline to March 30, 2018.  (*Id.* ¶ 35, Ex. 5).  On March 28, 2018, the Service sent EPIC a second letter requesting an extension of the response due date to April 27, 2018.  (*Id.* ¶ 38, Ex. 7).  On April 17, 2018, EPIC filed this lawsuit.  (Dkt. No. 1).[1]

## Argument

EPIC's FOIA request seeks taxpayers' returns and return information that are confidential unless certain exceptions are present.  26 U.S.C. § 6103.  Under FOIA, someone other than the taxpayer cannot obtain returns or return information unless he provides authorization from the taxpayer or demonstrates a material interest by virtue of a covered relationship with the taxpayer.  26 C.F.R. § 601.702(c)(4)(E) ("In the case of a request for records the disclosure of which is limited by statute or regulations (as, for example, the Privacy Act of 1974 (5 U.S.C. 552a) or section 6103 and the regulations thereunder), establish the identity and the right of the person making the request to the disclosure of the records in accordance with paragraph (c)(5)(iii) of this section.").

Because EPIC has not demonstrated that it has the authorization of the third parties to obtain returns or return information or that it has a qualifying material interest by virtue of a

---

[1] On April 25, 2018, before the Service became aware of this action (Dkt. No. 5-2), the Service sent EPIC another letter.  The Service informed EPIC that, to the extent it requested records under 26 U.S.C. § 6103(k)(1) that was the confidential tax return information of a third party, the request had not been made in accordance with the Service's published FOIA regulations.  The Service instructed EPIC that it could visit "the location designated by the Service based on the taxpayer's geographic area of residence to inspect the Public Information File.  Because this letter is not attached to the complaint, the Service does not rely on it to support this motion to dismiss. The Service, however, reserves the right to include the April 25 letter in any subsequent motion for summary judgment should the Court deny this motion to dismiss.

covered relationship with the third parties, its requests are deficient.  26 C.F.R.

§ 601.702(c)((1)(request for records must "conform[] in every respect with the rules and

procedures set forth in this section."); 26 C.F.R. § 601.702(c)(4)(i)("Requesters are advised that

only requests for records which fully comply with the requirements of this section can be

processed in accordance with this section.").

Since EPIC failed to perfect its request, the Service was not required under the FOIA to

search for such records, Plaintiff failed to exhaust its administrative remedies before bringing

this suit, and this complaint must be dismissed for failure to state a claim for relief.

### A.   The Service has Promulgated Mandatory Rules for Perfecting a FOIA Request

It is well-established that an agency, like the Service, has the authority to promulgate

rules for the processing of FOIA requests.  It is similarly well-established that a FOIA

requester's failure to comply with those rules constitutes a failure to perfect its request that

precludes subsequent judicial review.  FOIA directs agencies to publish "rules of procedure" for

processing requests for agency records.  The Service published its "rules of procedure" for the

processing of FOIA requests at 26 C.F.R. § 601.702.  Like other agencies' disclosure rules, the

Service's regulation contains provisions about the address to which a FOIA request must be sent

(subsec. (c)(4)(i)(C)), how the request must describe the records (subsec. (c)(4)(i)(d)), and rules

regarding the timing of final responses and appeal rights (subsec. (c)(1)(i)). These provisions

were added to the Service's regulations in 1967 after Congress enacted the FOIA, specifically to

implement the FOIA's requirements.  32 F.R. at 16030-31[2].

---

[2] The preface to 26 C.F.R. § 601.702, as published in 1967 after the passage of the FOIA, notes
the following: "(a) *Publication in the Federal Register* – (1) *Requirement*. . . [The] Internal
Revenue Service is required under 5 U.S.C. § 552(a)(1) to separately state and currently publish
in the Federal Register for the guidance of the public the following information: (i) Descriptions
of its central and field organization and the established places at which, the persons from whom,

The Service's FOIA regulations also contain special requirements for requests seeking "returns" and "return information" of a taxpayer.  Taxpayer confidentiality, and the protection of return information, is the overarching concern of 26 U.S.C. § 6103.  That statute lays down a "basic rule of confidentiality" which covers all return information, including a taxpayer's identity, the source or amount of his income, payments, liabilities, and various other pieces of tax information.  *Aronson v. I.R.S.,* 973 F.2d 962, 964 (1st Cir. 1992).  In order to execute section 6103's "basic rule of confidentiality" with the FOIA, the Service's FOIA rules requires a requester seeking another's return information to provide the Service with a power of attorney or a tax information authorization from the taxpayer himself in order to obtain that protected information.  26 C.F.R. § 601.702(c)(5)(iii)(C).

FOIA requires federal agencies to publish rules specifying how a member of the public may request records and the procedures for doing so, to include "rules stating the time, place, fees (if any) and procedures to be followed" for such requests.  5 U.S.C. § 552(a)(3)(A).  The Department of the Treasury has done this by making and publishing rules which govern the procedures by which the public may request records under the FOIA.  26 C.F.R. § 601.702.

These rules must be followed before an agency has an obligation to release records to a requester.  *See, e.g., Hull v. I.R.S., U.S. Dept. of Treasury,* 656 F.3d 1174, 1179 (10th Cir. 2011) (holding that a FOIA requester must fulfill the requirements of IRS regulations in order to receive records pertaining to a third party); *see also Oglesby v. U.S. Dept. of Army,* 920 F.2d 57, 65 n.9 (D.C. Cir. 1990) (agency regulation that FOIA appeal be filed within a specific time limit must be followed by FOIA requester.)

---

and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions, from the Service."

Failure to follow the agency-promulgated FOIA regulations can lead to denying a taxpayer's request and the failure of a subsequent suit under the FOIA.  "An agency's disclosure obligations are not triggered, however, until it has received a proper FOIA request in compliance with its published regulations."  *Dale v. I.R.S.,* 238 F.Supp.2d 99, 102-03 (D.D.C. 2002); *see also Electronic Privacy Info. Center v. I.R.S.,* 261 F.Supp.3d 1, 8-9 (D.D.C. 2017) (EPIC's failure to follow Treasury Regulation requiring consent for release of third-party tax returns resulted in an imperfect FOIA request.)  Failure to exhaust administrative remedies, including failure to perfect a request by complying with all the agency rules for making a request, prior to the filing of a civil action in district court is grounds for the dismissal of that action.  *See Dale,* 238 F.Supp.2d at 103.

The rules for requesting information under FOIA from the Internal Revenue Service include 26 C.F.R. § 601.702(c), which specifies how a member of the public must make a request to the Service under the FOIA; what the request must contain; and the format that such requests must follow, among other requirements.  The Service's rules require, among other things, that the requestor demonstrate "the right of the person making the request to the disclosure of the records in accordance with paragraph (c)(5)(iii) of this section."  26 C.F.R. § 601.702(c)(4)(E).  Paragraph (c)(5)(iii) in turn provides detailed guidance regarding the documentation required to demonstrate "the right of the person making the request to the disclosure of the records," stating:

> (C) In the case of an attorney-in-fact, or other person requesting records on behalf of or pertaining to other persons, the requester shall furnish a properly executed power of attorney, Privacy Act consent, or tax information authorization, as appropriate. In the case of a corporation, if the requester has the authority to legally bind the corporation under applicable state law, such as its corporate president or chief executive officer, then a written statement or tax information authorization certifying as to that

person's authority to make a request on behalf of the corporation
shall be sufficient. If the requester is any other officer or employee
of the corporation, then such requester shall furnish a written
statement certifying as to that person's authority to make a request
on behalf of the corporation by any principal officer and attested to
by the secretary or other officer (other than the requester) that the
person making the request on behalf of the corporation is properly
authorized to make such a request. If the requester is other than
one of the above, then such person may furnish a resolution by the
corporation's board of directors or other governing body which
provides that the person making the request on behalf of the
corporation is properly authorized to make such a request, or shall
otherwise satisfy the requirements set forth in section 6103(e). A
person requesting access to records of a partnership or a subchapter
S Corporation shall provide a notarized statement, or a statement
made under penalty of perjury in accordance with 28 U.S.C.
§ 1746, that the requester was a member of the partnership or
subchapter S corporation for a part of each of the years included in
the request.

As we explain below, EPIC requested records protected from disclosure by 26 U.S.C.

§ 6103. EPIC did not submit any of the required documentation to demonstrate its right to the

requested records; in other words, it did not perfect its request. The Service, therefore, could not

act on the request.

**B.   EPIC's FOIA Request Seeks Returns and Return Information of Third Parties, Protected from Disclosure under 26 U.S.C. § 6103.**

EPIC requests "income, excess profits, declared value excess profits, capital stock, and

estate or gift **tax returns** for any taxable year," (Complaint, Ex. 1, requests 2 and 4 [emphasis

added]). EPIC also plainly requests "all other 'return information'" (Complaint, Ex. 1, requests 2

and 4).[3] Thus, EPIC clearly requested returns and return information of third parties.

---

[3] Congress defined "return information" broadly to include:

a taxpayer's identity, the nature, source, or amount of his income,
payments, receipts, deductions, exemptions, credits, assets
liabilities, net worth, tax liability, tax withheld, deficiencies,
overassessments, or tax payments, whether the taxpayer's return
was, is being, or will be examined or subject to other investigation

The agency rules, discussed above, require that the requestor of returns and return information demonstrate the right to disclosure.  EPIC is seeking returns and return information of third parties.  To obtain such information it must either demonstrate an authorization from the taxpayer in the form of "power of attorney, Privacy Act consent, or tax information authorization. . ." or demonstrate, as provided by the rule, a qualifying "material interest."  26 C.F.R. § 601.702(c)(5)(iii).  EPIC did not include any such authorization with its request.  A requestor with a statutorily-defined "material interest," demonstrated as the rules require, may obtain returns and return information.  *See* 26 U.S.C. § 6103(e) (spouse on a joint return may obtain return, partner may obtain return of a partnership, owner or officer of a corporation may obtain corporation's return).  EPIC did not demonstrate a qualifying material interest with its FOIA request. (Complaint, [Dkt. No. 1] Ex. 1).

EPIC attempts to avoid the limits on FOIA access to returns and return information by suggesting in its complaint and exhibits that it need not comply with 26 C.F.R. § 601.702(c)(4) or (c)(5) because of 26 U.S.C. § 6103(k)(1).  But EPIC misreads 26 U.S.C. § 6103(k)(1).  First, nothing in section 6103(k)(1) permits the disclosure of returns; the provision only applies to "return information."[4]

---

or processing, or any other date, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

26 U.S.C. § 6103(b)(2)(A).

[4] Section 6103(b) defines "for purposes of the section" return (section 6103(b)(1)) and return information (section 6103(b)(2)).  The only viable reading of section 6103(k)(1) is that it does not permit disclosure of returns.

Second, 26 U.S.C. § 6103(k)(1) permits disclosure for general public **inspection** only, providing, "Return information shall be disclosed to members of the general public to the extent necessary to permit inspection of any accepted offer-in-compromise under section 7122 relating to the liability for a tax imposed by this title." The subsection permits the creation of a Public Inspection File, access to which carries its own set of rules apart from FOIA.[5] In general, the Service makes Public Inspection Files for accepted Offers in Compromise available for inspection to the general public. *See* 26 C.F.R. § 601.702(d)(8). But the exception found in subsection (k)(1) to 26 U.S.C. 6103(a)'s disclosure prohibition is limited to "permit inspection" and cannot be read as broadly as EPIC suggests in its complaint to allow producing records under FOIA without the taxpayer's authorization or demonstrating a qualifying material interest.

FOIA is generally an "across-the-board" statute which covers all requests for information unless specifically exempted in a later statute. *See Maxwell v. Snow,* 409 F.3d 354, 357, 366 (D.C. Cir. 2005). While 26 U.S.C. 26 U.S.C. § 6103 is an exemption under FOIA under 5 U.S.C. § 552(b)(3), it generally does not contain separate procedures or rules apart from the agency's FOIA rules to obtain information. *See Church of Scientology of Cal. v. I.R.S.*, 792 F.2d 146, 149 (D.C. Cir. 1986) ("It would be another matter if § 6103 established some rules and procedures – duplicating those of FOIA – for individual members of the public to obtain access to IRS documents."); *see also Maxwell v. Snow, supra,* at 149-150 ("Because § 6103 contains no such exemption and has no procedures or rules of its own implying an exception to FOIA, the court held that FOIA procedures apply to § 6103 requests."). Section 6103(k)(1) differs from other § 6103 provisions in its mandate to "disclose[] to members of the general public." Such

---

[5] There is no allegation in the complaint that EPIC attempted to access the Public Information Files by complying with the rules set forth to access such files in 26 C.F.R. § 601.702(d)(8). Accordingly, we will not provide a detailed discussion of those requirements here.

disclosure, however, is restricted by the limitation that the disclosure is only to the extent

necessary "to permit inspection."  Allowing a FOIA requestor to obtain records under

§ 6103(k)(1) would effectively expand § 6103's exception beyond its "permit inspection"

limitation.  Therefore, 26 U.S.C. § 6103(k)(1) provides no basis for EPIC's request under FOIA.

Accordingly, section 6103 still protects third party returns and return information from

disclosure when sought through a FOIA request.  Absent submission of an authorization or

demonstrating a qualifying material interest, the FOIA does not provide access to third party

returns or return information.  Therefore, the requested records are exempt from disclosure

pursuant 5 U.S.C. § 552(b)(3).  *See Church of Scientology of Cal. v. I.R.S.*, 792 F.2d at 149.

### C.   The Court Should Dismiss EPIC's FOIA Complaint Because It Failed to Comply with the Agency Rules For Perfecting a Request and, Therefore, Failed to Exhaust Its Administrative Remedies Before Filing Suit.

FOIA grants federal courts jurisdiction to "enjoin [an] agency from withholding agency

records and to order the production of any agency records improperly withheld from the

complainant."  5 U.S.C. § 552(a)(4)(B).  However, before seeking judicial review under the

FOIA, the requestor must first exhaust administrative remedies.  *Wilbur v. C.I.A.*, 355 F.3d 675,

677 (D.C. Cir. 2004); *Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990).  When the

requestor has not exhausted its remedies before filing suit, the suit is properly dismissed under

Rule 12(b)(6).  *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003).

EPIC's FOIA claim fails because it requested third-party returns and return information

but did not comply with the agency rules for obtaining third party returns and return information.

In order to perfect its FOIA request for returns and return information EPIC must (i) obtain

written authorization from the taxpayer and submit that authorization with its request for records;

or (ii) demonstrate a qualifying material interest by virtue of a covered relationship with the

taxpayer.  EPIC's request did not do either, nor does EPIC allege that it has.

Accordingly, EPIC did not perfect its request for records, and failed to exhaust its administrative remedies. 26 C.F.R. § 601.702(c)(4)(i)(E) ("in the case of a request for records the disclosure of which is limited by statute or regulations (as, for example . . . section 6103 and the regulations thereunder), [the requestor must] establish the identity and the right of the person making the request to the disclosure of the records in accordance with paragraph (c)(5)(iii) of this section") (emphasis added); par. (c)(5)(iii)(B) (quoted above) ("Persons requesting records on behalf of or pertaining to another person must provide adequate proof of the legal relationship under which they assert the right to access the requested records before the requirement of paragraph (c)(4)(i)(E) shall be deemed met.").

Under the Service's FOIA regulations, a FOIA request is perfected only if it "conforms in every respect" with its rules and procedures. 26 C.F.R. § 601.702(c)(1)(i). A nonconforming request is not perfected, and therefore relieves the agency of any obligation to search for records, or provide a final response to the requester. *Walsh v. F.B.I.*, 905 F. Supp. 2d 80, 84 (D.D.C. 2012) ("Under FOIA, an agency's obligations to provide information do not begin until the agency receives a valid request."). Moreover, the Service never issued an adverse determination such as withholding of any records from disclosure in response to the request. 26 C.F.R. § 601.702(c)(1)(i); *Dale v. I.R.S.*, 238 F. Supp.2 d 99, 104 (D.D.C. 2002) ("An agency's obligations commence upon receipt of a valid request; failure to file a perfected request therefore constitutes failure to exhaust administrative remedies.").

When a plaintiff fails to exhaust its administrative remedies – as here when the Plaintiff did not perfect its request – the complaint fails to state a claim upon which relief can be granted. The Court should dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hidalgo*, 344 F.3d at 1258-59; *see also Kalu*, 2015 WL 4077756, at *5-*6

(dismissing FOIA claim against Service where Plaintiffs' attorney failed to submit properly executed Form 2848 (power of attorney) to Service); *Walsh*, 905 F. Supp.2d at 84 ("Failure to file a perfected request therefore constitutes failure to exhaust administrative remedies"); *Dale*, 238 F. Supp. 2d at 107 (dismissing case for failure to exhaust administrative remedies because plaintiff "failed to comply with the administrative requirements of the Freedom of Information Act").

//

//

//

//

**Conclusion**

For the foregoing reasons, the Service requests that the Court dismiss EPIC's complaint.


Dated: June 15, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

DAVID A. HUBBERT
Deputy Assistant Attorney General


*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C.  20044
202-307-1355 (v)
202-514-6866 (f)
Ryan.McMonagle@usdoj.gov

MEGAN E. HOFFMAN-LOGSDON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C.  20044
202 616-3342 (v)
202 514-6866 (f)
Megan.E.Hoffman-Logsdon@usdoj.gov


Of Counsel:

JESSIE K. LIU
United States Attorney