IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Civ. Action No. 18-902 (TJK) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME**

Plaintiff Electronic Privacy Information Center ("EPIC") respectfully opposes the motion by Defendant Internal Revenue Service ("IRS") to extend the time in which to file an optional reply brief in support of the agency's second Motion to Dismiss. This is the fifth extension of time the IRS has sought in this case. *See* Mot. for Extension of Time, ECF No. 6; Mot. for Extension of Time, ECF No. 11; Mot. to Stay, ECF No. 17; Notice of Withdrawal of Mot., ECF No. 18 (claiming 21 additional days to file a second Motion to Dismiss). EPIC does not object to a two business-day extension to accommodate opposing counsel's illness-related leave, but the IRS has failed to show "good cause" for an extension *tripling* the time in which to file a reply. *See* Fed. R. Civ. P. 6(b)(1)(A).

Just over a month ago—on February 11, 2019—the IRS withdrew its first Motion to Dismiss EPIC's Complaint and self-selected a date by which it would file a second Motion to Dismiss. *See* IRS Notice of Withdrawal 1, ECF No 18 ("The Internal Revenue Service notifies the Court that it withdraws its pending Motion to Dismiss, and that it intends to file within twenty-one days a revised Motion to Dismiss[.]"). When the IRS chose a filing deadline of

March 4, 2019, the agency was no doubt aware (1) that LCvR 7(b) requires an opposing party to file an opposition within 14 days, and (2) that LCvR 7(d) permits a movant 7 days after an opposition is served to file an optional reply. Accordingly, the IRS knew that the agency's reply (if any) would be due by March 25, 2019, at the latest.

On March 18, 2019, EPIC filed a timely Opposition to the IRS's second Motion to Dismiss pursuant to LCvR 7(d). ECF No. 22. Now, just two days after EPIC's filing, the IRS asks the court to triple the time in which the agency is permitted to file an optional reply (for a total of 21 days). Prior to today's motion, the IRS gave no indication that it would be unable to comply with the schedule dictated by LCvR 7 and the agency's own actions.

In support of the Motion to Extend Time, the IRS objects that EPIC filed an Opposition (1) well within the page limits of LCvR 7(e), and (2) citing to legal authorities adverse to the IRS's Motion to Dismiss—including a form that the IRS has published on its own website. *See* Internal Revenue Serv., *Form 15086: Offer in Compromise Public Inspection File Request* (Sep. 2018) ("Form 15086*"*).[1] The IRS also cites to counsel's week-long leave, of which counsel was presumably aware before today.

Neither of these asserted bases for an extension constitutes "good cause" within the meaning of Fed. R. Civ. P. 6(b)(1)(A). Rather, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite [its] diligence.'" *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011) (quoting *S & W Enters., LLC v. SouthTrust Bank*, 315 F.3d 533, 535 (5th Cir. 2003)); *see also Standing Order for Cases Before Judge Trevor N. McFadden* at ¶ 9 ("Motions for extensions of

---

[1] https://www.irs.gov/pub/irs-pdf/f15086.pdf
[https://web.archive.org/web/20190318014543/https://www.irs.gov/pub/irs-pdf/f15086.pdf].

time and to re-schedule hearings are strongly discouraged; they will be granted only in truly exceptional or compelling circumstances and parties should not expect the Court to grant extensions."). The IRS has not shown such diligence here.

As noted, EPIC would consent a two business-day extension to accommodate counsel's illness-related leave. But the IRS has not demonstrated its entitlement to two additional *weeks* of time to file an optional reply, particularly when the IRS has already obtained four prior extensions in this case.

Dated: March 20, 2019

Respectfully submitted,

MARC ROTENBERG, D.C. Bar #422825
EPIC President and Executive Director

ALAN BUTLER, D.C. Bar #1012128
EPIC Senior Counsel

/s/ John Davisson
JOHN DAVISSON, D.C. Bar #1531914
EPIC Counsel

ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

*Attorneys for Plaintiff EPIC*